IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL ANDERSON | § | |
| | § | |
| V. | § | W-16-CA-109-RP |
| | § | |
| WILLIAM STEPHENS[1] | § | |

# ORDER

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has paid the applicable filing fee. For the reasons set forth below, the Court finds that Petitioner's application for writ of habeas corpus should be dismissed as time-barred.

## I. BACKGROUND

**A.      Procedural History**

According to Petitioner, the Director has custody of Petitioner pursuant to a judgment and sentence out of the 19th Judicial District Court of McLennan County, Texas in cause numbers 2009-1366-C1. Petitioner was convicted of felony driving while intoxicated, enhanced, and was sentenced to 30 years' imprisonment. Petitioner's conviction was affirmed by the Seventh Court of Appeals of Texas on July 30, 2012. *See Anderson v. State*, No. 07-10-0139-CR, 2012 WL 3104816 (Tex. App. – Amarillo 2012, pet. ref'd). His petition for discretionary review was refused on October 24, 2012. Petitioner also challenged his conviction in a state application for habeas corpus relief. Petitioner does not recall the date he filed his application. Records for the Texas Court of Criminal

---

[1] Although Petitioner named Warden Jackson as Respondent, William Stephens, the current Correctional Institutions Division Director, is the proper respondent and will be substituted as such.

Appeals reflect it was denied without written order on July 17, 2013. *Ex parte Anderson*, No. 79,651-01.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. He received ineffective assistance of counsel.

2. He was denied the right to a blood test.

3. The trial court improperly limited his voir dire.

4. The trial court misled the jury's decision making choices.

## II. DISCUSSION

Petitioner's application is barred by the one-year statute of limitations. Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the latest, on January 22, 2013, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court. See SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Petitioner does not indicate the date he filed his state application for habeas corpus relief, which tolls the one-year limitations period. However, the state application was denied on July 17, 2013. Construing Petitioner's application as liberally as possible, Petitioner would have had to file his federal application no later than July 17, 2014. Petitioner did not place his federal application in the prison mail system until April 29, 2016, nearly two years after the limitations period had expired.

Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Rather, Petitioner indicates he was unable to hire an attorney and was unaware he could pursue habeas corpus relief on his own.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he could not have discovered the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III. CONCLUSION

Petitioner's application is dismissed with prejudice as time-barred.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are

adequate to deserve encouragement to proceed.  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, a certificate of appealability shall not issue.

It is therefore **ORDERED** that Petitioner's application for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as time-barred.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on May 5, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE